**APFeeWaived, APPEAL, DISMISSED**

# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (San Jose)
### Adversary Proceeding #: 21−05005

*Assigned to:* Judge Stephen L. Johnson
*Lead BK Case:* 21−50146
*Lead BK Title:* Debbie Alice Thompson
*Lead BK Chapter:* 13
*Demand:*
   *Nature[s] of Suit:*   71 Injunctive relief − reinstatement of stay
                           91 Declaratory judgment

*Date Filed:* 02/25/21
*Date Dismissed:* 06/16/21

*Plaintiff*
-----------------------------
**Debbie Alice Thompson**
18285 Constitution Avenue
Monte Sereno, CA 95030

represented by **Debbie Alice Thompson**
PRO SE

V.

*Defendant*
-----------------------------
**B & B Capital, LLC**
1055 Parsippany Blvd., Ste. 200
Parsippany, NJ 07054

represented by **Bonni S. Mantovani**
Prober & Raphael, ALC
20750 Ventura Blvd. #100
Woodland Hills, CA 91364
(818) 227−0100
Email: bmantovani@pralc.com

*Defendant*
-----------------------------
**B & B Funding, LLC**
1055 Parsippany Blvd., Ste. 200
Parsippany, NJ 07054

represented by **Bonni S. Mantovani**
(See above for address)

*Defendant*
-----------------------------
**Gulf Harbour Investmenrs Corp**
111 North Orange Avenue, Ste 800
Orlando, FL 32801

represented by **Bonni S. Mantovani**
(See above for address)

*Defendant*
-----------------------------
**IRA F. Bailey,** *individual*
1055 Parsippany Blvd., Ste. 200

represented by **Bonni S. Mantovani**
(See above for address)

Parsippany, NJ 07054

*Defendant*
-----------------------
**Mortgag Lender Services Inc.**
11707 Fair Oaks Blvd., Ste. 202
Fair Oaks, CA 95628

represented by **Bonni S. Mantovani**
(See above for address)

*Defendant*
-----------------------
**PNC Bank, National Association**
PO Box 5570
Cleveland, OH 44101

represented by **Jonathan Cahill**
Aldridge Pite, LLP
4375 Jutland Dr. #200
P.O. Box 17933
San Diego, CA 92177−0933
(916)760−3729
Email: JCahill@klinedinstlaw.com

**Bonni S. Mantovani**
(See above for address)

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 06/16/2021 | | 31 | Order Dismissing Adversary Proceeding (RE: related document(s)16 Motion to Dismiss Adversary Proceeding filed by Defendant B & B Capital, LLC, Defendant B & B Funding, LLC, Defendant Gulf Harbour Investmenrs Corp, Defendant IRA F. Bailey, Defendant Mortgag Lender Services Inc., Defendant PNC Bank, National Association, 19 Motion to Dismiss Adversary Proceeding filed by Defendant PNC Bank, National Association). (al) (Entered: 06/17/2021) |

Entered on Docket
June 17, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: June 16, 2021

*Stephen Johnson*
_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **DEBBIE ALICE THOMPSON**, | Case No. 21-50146 SLJ |
| Debtor. | Chapter 13 |
| **DEBBIE ALICE THOMPSON**, | Adv. Proc. No. 21-5005 |
| Plaintiff, | |
| v. | |
| **B&B CAPITAL, LLC.** *et al*, | |
| Defendants. | |

## ORDER DISMISSING ADVERSARY PROCEEDING

Plaintiff Debbie Alice Thompson filed this adversary proceeding on February 25, 2021. ECF 1. But on April 26, 2021, I dismissed the underlying bankruptcy case with a two-year bar to refiling. BK ECF 76. I concluded in that order that the sole purpose of that bankruptcy case, and others previous, was to litigate with the defendants in this adversary proceeding and delay foreclosure on real property she owns at 18285 Constitution Avenue, Monte Sereno, California. *Id.* at 6–7.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1    The defendants in this case filed two motions to dismiss this adversary proceeding.
2 ECF 16, 19. They assert a variety of reasons why the complaint fails to satisfy pleading
3 standards or state a claim on which relief can be granted. Both parties contend that the
4 adversary proceeding should be dismissed because the underlying bankruptcy case has been
5 dismissed, relying on *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992).

6    Plaintiff debtor clarified at oral argument that the document she filed at ECF 24,
7 which appears to be an opposition to the motions to dismiss, is in fact an amended
8 complaint. She argues that she was authorized to file that document under Bankruptcy Rule
9 7012. Her amended complaint alleges, in summary, that the parties who claimed to have lent
10 money to her and taken security interests in her property should not be entitled to enforce
11 those obligations because they failed to notify her of transfers of the relevant loans, cannot
12 prove an entitlement to payment, and have made false claims. Because I conclude I lack
13 jurisdiction, I will dismiss the case on that basis and will not decide the other matters
14 asserted by the movants.

15    As noted, the case underlying this adversary proceeding was dismissed. Given that, I
16 need to consider whether I should retain jurisdiction over this lawsuit. The Ninth Circuit
17 held in *In re Carraher*, 971 F.2d at 328 that bankruptcy courts "are not automatically divested
18 of jurisdiction over related cases when the underlying bankruptcy case is dismissed." The
19 case instructs that in deciding whether to retain jurisdiction over a related adversary
20 proceeding after the underlying bankruptcy is dismissed, courts "must consider economy,
21 convenience, fairness and comity[.]" *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,
22 353 (1988)). Applying these factors, I conclude I should decline to retain jurisdiction over
23 this adversary proceeding and dismiss it.

24    Starting with judicial economy, in *In re Casamont Investors, Limited*, 196 B.R. 517, 524
25 (9th Cir. 1996), the BAP held that a bankruptcy court abused its discretion by retaining
26 jurisdiction over an adversary proceeding that "the court had played no role in[.]" Plaintiff
27 filed this adversary proceeding on February 25, 2021. Since then, two defendants filed
28

ORDER DISMISSING ADVERSARY PROCEEDING
2/5

motions to dismiss the complaint, ECF 16, 19, and Plaintiff filed responses to those motions, ECF 24, 27, 29, one of which appears an attempt to amend the original complaint, *see* ECF 24. But while the parties have done some work on this adversary proceeding, I have not. Judicial economy would be damaged by retaining jurisdiction here, so I will not.

Turning to convenience, as in *Casamont*, I find it would not be unduly inconvenient for Plaintiff to refile her complaint in State court. And the defendants who have moved to dismiss the complaint could just as easily do so in the State court, should Plaintiff refile. This factor favors dismissing this adversary proceeding.

Fairness shakes out similarly here. Nothing in the record shows me that the parties have done significant work on this case, so I see little prejudice in the parties potentially having to start over in State court.

Finally, comity favors declining jurisdiction as well. Plaintiff's complaint pleads a declaratory relief claim and a fraudulent conveyance claim; these both appear to be State law claims, and comity with State courts means "[n]eedless decisions of state law by federal courts should be avoided[.]" *Casamont*, 196 B.R. at 524 (citation omitted). ECF 24 is said to be an amended complaint, and it appears to plead new federal causes of action. *See* ECF 24. Assuming that is what Plaintiff meant, the effort was untimely under Civil Rule 15(a)(1)(B), as it was filed more than 21 days after Defendant B&B Capital, LLC filed its motion to dismiss. *See* ECF 16, 24. And while I can grant leave to amend the complaint outside of that deadline under Civil Rule 15(a)(2), Plaintiff provides no argument why I should grant such relief in any of her filings.

Even if I were to grant that relief and view Plaintiff's amended complaint as the operative pleading here, I would still find that comity favors declining jurisdiction. Plaintiff brings one claim under 15 U.S.C. § 1641. And 15 U.S.C. 1640(e) states actions under that part – thus including 15 U.S.C. § 1641 claims – "may be brought in any United States district court, or in any other court of competent jurisdiction[.]" This means federal courts do not have exclusive jurisdiction over Plaintiff's 15 U.S.C. § 1641 claim. Since nothing in the

ORDER DISMISSING ADVERSARY PROCEEDING
3/5

1  record shows that Plaintiff's claims are so complex that a State court could not adjudicate
2  them, the existence of concurrent jurisdiction over this claim persuades me comity favors
3  allowing a State court to decide this claim. As for Plaintiff 18 U.S.C. § 152 claim: "There is
4  no specific provision under 18 U.S.C. § 152 for private civil damage suits or injunctive relief,
5  and I do not find any cases suggesting that a private right to sue—as distinct from a defense
6  where applicable or an argument in an otherwise pending case asserting unenforceability of
7  an invalid act or document—may or should be implied for a debtor in an adversary
8  proceeding under the Bankruptcy Code based on 18 U.S.C. § 152." *In re Terio*, 158 B.R. 907,
9  911–12 (S.D.N.Y. 1993) (citation omitted), *aff'd,* 25 F.3d 397 (2d Cir. 1994). Since "there is
10 no basis for inferring that 18 U.S.C. § 152 authorizes—or the Bankruptcy Code would
11 permit—a debtor to supplement the comprehensive and detailed civil remedies already
12 available through the Code by asserting such claims as a separate basis for seeking relief in an
13 adversary proceeding[,]" Plaintiff's has no standing to assert such a claim, and it cannot
14 support a finding that comity favors my retaining jurisdiction over it. *Terio*, 158 B.R. at 912.
15      All of the *Carraher* factors favor declining to retain jurisdiction here. Accordingly, it is
16 hereby ordered that this adversary proceeding be dismissed.
17      IT IS SO ORDERED.

**END OF ORDER**

ORDER DISMISSING ADVERSARY PROCEEDING
4/5

**COURT SERVICE LIST**

U.S. Mail:
Debbie Alice Thompson
18285 Constitution Avenue
Monte Sereno, CA 95030

[ECF recipients]

ORDER DISMISSING ADVERSARY PROCEEDING
5/5

# Notice Recipients

District/Off: 0971−5    User: admin    Date Created: 6/17/2021
Case: 21−05005    Form ID: pdfeoc    Total: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
pla    Debbie Alice Thompson    18285 Constitution Avenue    Monte Sereno, CA 95030

TOTAL: 1