UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBBIE ALICE THOMPSON,<br><br>    Plaintiff/Appellant,<br><br> v.<br><br>PNC BANK, N.A., et al.,<br><br>    Defendants/Appellees. | Case No. 21-cv-05262-BLF<br><br>**ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT**<br><br>[Re: ECF No. 1] |

Plaintiff–Appellant Debbie Alice Thompson appeals the judgment of the bankruptcy court declining jurisdiction over and dismissing an adversary proceeding. Appellee PNC Bank, N.A. has answered and argues that the judgment should be affirmed. For the reasons explained below, the judgment of the bankruptcy court is AFFIRMED.

**I. BACKGROUND**

Thompson has repeatedly filed and dismissed voluntary petitions under Chapters 7 and 13 of the Bankruptcy Code over the past twelve years. Each of those petitions concerned, at least in part, a loan executed by Thompson and secured by real property at 18285 Constitution Avenue, Monte Sereno, CA 95030. The Court need not recount that entire litigation history. As is relevant here, her eighth bankruptcy case was filed on February 4, 2021 in this district. *See In re Debbie Alice Thompson*, No. 21-50146-SLJ (Bank. N.D. Cal., filed Feb. 4, 2021); *see also id.*, ECF No. 76 at 2 n.3 (listing seven bankruptcy cases filed before that instant bankruptcy case). On April 26, 2021, the Bankruptcy Court dismissed that case. *Id.* The Bankruptcy Court imposed a two-year bar on refiling, finding that "the sole purpose of th[e] case, as well as previous cases, [wa]s to delay foreclosure" on her property. *Id.* at 5–7. Thompson's appeal of that dismissal is currently pending before another judge in this District. *See In re Debbie Alice Thompson*, No. 21-cv-5021-

YGR (N.D. Cal., filed June 29, 2021).

While the bankruptcy proceedings were ongoing, Thompson filed an adversary proceeding in the Bankruptcy Court. *See Thompson v. B&B Capital et al.*, No. 21-5005 (Bank. N.D. Cal., filed Feb. 25, 2021). On June 16, 2021, the Bankruptcy Court dismissed the adversary proceedings in an order that Thompson presently appeals to this Court. ECF No. 1-1 at 3 ("BC Order").[1] The Bankruptcy Court concluded that because the bankruptcy case underlying the adversary proceeding had been dismissed, it needed to consider whether it should retain jurisdiction over the adversary proceeding. *Id.* at 2. The Bankruptcy Court applied the factors from *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992)—"economy, convenience, fairness and comity"—and concluded that it should decline to retain jurisdiction. *Id.* at 2–4. The Bankruptcy Court further declined to allow Thompson to file a purported amended complaint that was untimely filed on the docket because it did not alter its analysis under *Carraher*. *Id.* at 4–5.

Thompson appealed that order to this Court. Thompson filed her opening brief on November 15, 2021. ECF No. 7 ("Thompson Br."). Appellee PNC Bank, N.A. filed an answering brief on December 23, 2021. ECF No. 10 ("PNC Br.").[2] Thompson filed a reply brief on January 10, 2022. ECF No. 11 ("Reply Br.").

## II. LEGAL STANDARD

A district court reviews a bankruptcy court's decision whether to retain jurisdiction over a case under an abuse of discretion standard. *In re Sullivan*, 522 B.R. 604, 611 (B.A.P. 9th Cir. 2014). That inquiry proceeds in two parts. First, the court reviews de novo whether the bankruptcy court applied the correct legal standard. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). Second, the court examines the bankruptcy's factual findings for clear error. *Id.* at 1262 & n.20; *see also In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994) (finding

---

[1] In the rest of this Order, the Court will refer to the page numbers on the order itself, not the ECF-generated page numbers.

[2] While the other appellees have not filed answering briefs, Thompson provides no reason why the arguments in PNC's answering brief do not apply equally to all the appellees.

of "bad faith" reviewed for clear error).

## III.  DISCUSSION

The Court engages in the two-part review of the Bankruptcy Court's order—first reviewing de novo if the Bankruptcy Court applied the correct legal standard, and second examining its factual findings for clear error.  *Hinkson*, 585 F.3d at 1261–62.

First, the Court finds that the Bankruptcy Court applied the correct legal standard to determine if it should continue to exercise jurisdiction over the adversary proceeding. "[B]ankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed." *In re Carraher*, 971 F.2d at 328.  A bankruptcy court considers the familiar four factors when district courts consider whether to retain jurisdiction over pendant state law claims—"economy, convenience, fairness and comity." *Id.*  The Bankruptcy Court correctly identified this as the applicable legal standard and performed an analysis under each of the four factors.  BC Order at 2–4.

Second, the Court finds no clear error in the Bankruptcy Court's factual findings on each of the four factors.  On the first factor ("economy"), the Bankruptcy Court concluded that it had performed virtually no work on the matter, even though the parties had done work by engaging in some motion practice.  BC Order at 2–3.  On the second and third factors ("convenience" and "fairness"), the Bankruptcy Court concluded it would be neither convenient nor unfair to Thompson or the defendants who moved to dismiss the adversary complaint to require them to proceed in state court.  *Id.* at 3.  On the final factor ("comity"), the Bankruptcy Court concluded that because Thompson's complaint pleaded two state law claims, the court wanted to avoid "[n]eedless decisions of state law by [a] federal court" in favor of decisions by the state court.  *Id.* The Bankruptcy Court further found that, even if it allowed Thompson to amend her pleading to assert federal claims under 15 U.S.C. § 1641 and 18 U.S.C. § 152,[3] comity still favored allowing

---

[3] The Court agrees with the Bankruptcy Court's conclusion that no case has found an implied private right of action for a debtor to assert a claim under 18 U.S.C. § 152 in an adversary proceeding.  *See* BC Order at 4 (citing *In re Terio*, 158 B.R. 907, 911–12 (S.D.N.Y. 1993)).

1   the state court to decide the matter. *Id.* at 3–4. The Court finds no clear error in these findings
2   that underpin the Bankruptcy Court's decision to decline jurisdiction over the state law claims.
3         Thompson offers no argument in either her opening or reply brief that undermines the
4   Bankruptcy Court's decision. Those briefs largely raise merits arguments that are irrelevant to the
5   order on appeal here—the Bankruptcy Court's decision to decline to retain jurisdiction over
6   pendant state law claims and dismiss the adversary proceeding following the dismissal of the
7   underlying bankruptcy case. Thompson's opening brief is spent reciting allegations that "none of
8   the Appellees 'lent' and 'Money' to [her]" and that the appellees filed "misrepresented and
9   manufactured documents into the bankruptcy court." Thompson Br. at 7–9 ("Statement of
10  Facts"), 9–10 ("Argument"). Thompson only addresses the declination of jurisdiction in her reply
11  brief, and there again rests most of her opposition on those same allegations. *See, e.g.*, Reply Br.
12  at 3–4 (claiming error because she filed the adversary proceeding after "DISCOVERING
13  FRAUDULENT ASSIGNMENTS VERIFIED BY THE SECRETARY OF STATE OF
14  FLORIDA"); *id.* at 4 (claiming error due to the filing of "[f]radulent and fabricated documents" in
15  the Bankruptcy Court); *id.* at 5 (claiming error because the Bankruptcy Court should not have
16  dismissed the adversary proceeding "where there is fraud involved"). Where Thompson briefly
17  mentions the *Carraher* factors, *id.* at 5–6, she offers only the same arguments mentioned above.
18  Those arguments do not establish "clear error" in the Bankruptcy Court's findings on the
19  *Carraher* factors.
20      / / /
21      / / /
22      / / /
23      / / /
24      / / /
25      / / /
26      / / /

---

28  Thompson has offered no argument to the contrary.

Thus, the Court concludes that the Bankruptcy Court did not abuse its discretion in declining the retain jurisdiction over the adversary proceeding after dismissing the underlying bankruptcy case.

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the Bankruptcy Court's dismissal of the adversary proceeding is AFFIRMED.

Dated:  January 26, 2022

BETH LABSON FREEMAN
United States District Judge